THE COTTLE FIRM
Robert W. Cottle, Esq.
Nevada Bar No. 4576
rcottle@cottlefirm.com
Matthew G. Holland, Esq.
Nevada Bar No. 10370
mholland@cottlefirm.com
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(T) 702.722.6111 | (F) 702.834.8555
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \* \*

| | |
|---|---|
| CHUNYUN WANG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KOREAN AIRLINES CO., LTD., operating as KOREAN AIR; DOE FLIGHT ATTENDANTS; DOE FOOD AND BEVERAGE SERVICE HANDLERS; ROE FOOD AND BEVERAGE SERVICE BUSINESS ENTITY; ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES; DOE INDIVIDUALS 1-10; AND ROE CORPORATIONS/ENTITIES 1-10; inclusive,<br><br>Defendants. | CASE NO. 2:20CV409<br><br>DEPT. NO.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff, CHUNYUN WANG, by and through her attorneys of record, ROBERT W. COTTLE, ESQ., and MATTHEW G. HOLLAND, ESQ., of THE COTTLE FIRM, complain against Defendants as follows:

**PARTIES**

1. That at all times relevant hereto, Plaintiff CHUNYUN WANG ("Plaintiff" or "CHUNYUN WANG"), was, and continues to be, an individual residing in Clark County,

Nevada.

2. Upon information and belief, KOREAN AIRLINES CO., LTD., operating as KOREAN AIR ("Defendant" or "KOREAN AIR", at all times relevant herein, is and was a corporation for profit, founded and organized in Seoul Korea on or about March 1, 1969. Defendant, at all times material to Plaintiff's claim, was a "common carrier" in the business of carrying passengers for a fee, to and from various airports worldwide including airports in the United States.

3. Upon information and belief, DOE FLIGHT ATTENDANTS, at all times relevant herein, were and are Flight Attendants employed by Defendant KOREAN AIR, and were working on Korean Airlines Flight No. 893 at the time of Plaintiff's injury incident. Upon information and belief, these Defendants were tasked with the responsibility, once undertaken, of safely inspecting, supplying, handling, preparing, and or serving passenger customers with food and beverage at the time of the Plaintiff's injury incident.

4. Upon information and belief, DOE FOOD AND BEVERAGE SERVICE HANDLERS, at all times relevant herein, were and are Food and Beverage Service Handlers that were tasked with the responsibility of safely inspecting, supplying, handling, preparing, and/or serving passenger customers food and beverage to or on Korean Airlines flight 893 at the time of Plaintiff's injury incident.

5. Upon information and belief, ROE FOOD AND BEVERAGE SERVICE BUSINESS ENTITY, at all times relevant herein, was and is the beverage service business entity that tasked with the responsibility of safely supplying, handling, preparing, and/or servicing the food and beverage provided on Korean Airlines Flight No. 893 at the time of Plaintiff's injury incident.

6. Upon information and belief, ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES, was and is manufacturer and/or distributor business entity which manufactured or distributed into the stream of commerce the water/liquid heating apparatus that was used to heat the water or liquid served to the Plaintiff on Korean Airlines Flight No. 893 at the time of Plaintiff's incident. This

paragraph is intended to identify multiple Defendant entities.

7. DOE INDIVIDUALS 1 through 10 are individuals whose conduct gives rise to this Complaint. Specifically, those Defendants are individuals who failed to inspect, supervise, control, repair, and maintain the premises, materials, apparatus, or instrumentality which resulted in Plaintiff's injuries.

8. ROE CORPORATIONS/ENTITIES 1 through 10 are corporations or business entities whose conduct gives rise to this Complaint. Specifically, those ROE CORPORATIONS/ENTITIES Defendants are corporations and/or business entities who failed to inspect, supervise, control, repair and maintain the premises, materials, apparatus, or instrumentality which resulted in Plaintiff's injuries.

9. The true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOE FLIGHT ATTENDANTS, DOE FOOD AND BEVERAGE SERVICE HANDLERS, ROE FOOD AND BEVERAGE SERVICE BUSINESS ENTITY, ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES, DOE INDIVIDUALS 1 through 10 and/or ROE CORPORATIONS/ENTITIES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages to Plaintiff. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action. DOE and ROE Defendants are hereby incorporated into any and all subsequent language and allegations encompassed in the body of this Complaint.

**JURISDICTION AND VENUE**

10. Jurisdiction in this Court is based upon diversity of citizenship. This Honorable Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331(a), in that the actions of Defendants arise under the laws, regulations, and treatises of the United States, including, but

not limited to, the Montreal Convention of 1999. Additionally, the amount in controversy exceeds $75,000.00, as provided by 28 U.S.C. § 1337.

11. Plaintiff permanently resides within Clark County, Nevada, within this jurisdiction and sustained personal injury during an international flight operated by Korean Air as described herein.

12. Defendant operates services for the carriage of passengers through McCarran International Airport located in Clark County, Nevada, within this jurisdiction.

13. Accordingly, venue is proper in the United States District Court for the District of Nevada pursuant to Article 33 of the 1999 Montreal Convention.

## GENERAL ALLEGATIONS

14. On or about March 2, 2018, Plaintiff was a passenger on an international Korean Air Flight No. 893 from Las Vegas, Nevada to Seoul, Korea, with a final destination of Shanghai, China. The United States of America and the People's Republic of China are signatories to the Montreal Convention of 1999 (MC99).

15. Approximately one (1) hour and 30 minutes into the flight, Plaintiff requested DOE FLIGHT ATTENDANT for water. DOE FLIGHT ATTENDANT failed to exercise reasonable care in the inspection or assessment of the water which had been heated to an unreasonable and unsafe temperature, resulting in the delivery of scorching hot water to the Plaintiff.

16. The scalding hot water spilled directly onto Plaintiff's left thigh, buttocks, and left wrist, causing Plaintiff to sustain second- and third-degree burns, resulting in severe pain and suffering, the need for significant medical treatment, and permanent scarring/disfiguration of the affected areas.

17. The Plaintiff was forced to suffer extreme pain for many hours during the flight before she was able to receive medical treatment.

18. Enduring the excruciating pain, Plaintiff completed the remaining ten (10) hours in flight without medical assistance.

19. It was not until Plaintiff arrived at her final destination, that she was able to

receive medical care at The First Affiliated Hospital of Soochow Hospital-Jiangsu Province Medical Treatment and Hospitalization-Emergency Treatment at the Department of Burn and Plastic Surgery.

## FIRST CAUSE OF ACTION

*(Defendants' Liability Pursuant to The Montreal Convention of 1999)*

20. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

21. Pursuant to Article 17 of The Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (the "Montreal Convention"), Defendants are liable for the bodily injuries, emotional injuries, and other damages sustained by Plaintiff. Plaintiff's injuries and damages were the result of an unexpected and unusual event external to Plaintiff.

22. In accordance with Article 21 of the Montreal Convention, Defendants are strictly liable for damages sustained by Plaintiff, which were caused by an accident which took place while Plaintiff was on board the Korean Airlines Flight No. 893 from Las Vegas, Nevada to Seoul, Korea. Further, Defendants may not reduce or limit its liability for Plaintiff's damages for any claim equal to or less than 113,000 Special Drawing Rights (SDR's). (The value of Special Drawing Rights is based upon a basket of four currencies. Currently, 113,000 Special Drawing Rights are valued at approximately $170,550.00 USD.) Further, Defendants have no limitation on its liability in excess of 113,000 Special Drawing Rights, unless Defendants can prove that the damages were not due to the negligence or other wrongful act or omission by the carrier, or such damages were due solely to the negligence or other wrongful act or omission of a third party.

## SECOND CAUSE OF ACTION

*(Negligence against Korean Airlines Co., LTD.; DOE Flight Attendants;*
*Food and Beverage Service Handlers; and Doe Individuals 1-10)*

23. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

24. Defendants owed Plaintiff the duty to act as a common carrier in the management and care of its airlines, undertaking the highest degree of care to ensure the provision of in-flight services, such as food and beverage delivery, was performed with due regard for the safety of its passenger customers in light of the foreseeable use and risks of danger.

25. Defendants owed Plaintiff a duty to inspect, supply, handle, prepare, and/or serve food and beverage items to ensure they were safe for the use of its passenger customers in light of foreseeable risks of danger inherent to the circumstances. If food and beverage items could not be made safe prior to their delivery to the passenger customer during in-flight services, Defendants owed Plaintiff a duty to warn of the nature of the potential hazards that may accompany the receipt of the dangerous substances.

26. Defendants owed Plaintiff a duty to have trained and supervised employees or others tasked for that specific purpose to ensure the provision of food and beverage to passenger customers during in-flight services was performed safely and with the appropriate means to inspect, supply, handle, prepare and/or serve food and beverage products in a safe manner.

27. Defendants breached their duties by failing to inspect, supply, handle, prepare, and/or serve food and beverage items to ensure they were safe for the use of its passenger customers in light of foreseeable risks of danger inherent to the circumstances, by failing to warn the Plaintiff of the dangerous conditions, and, further, by failing to adequately train, supervise, and evaluate the performance of others tasked for those purposes. Moreover, if the unsafe scorching water was known to otherwise have been created by these Defendants, these Defendants breached their duty by failing to adequately warn the Plaintiff of the dangerous condition if the hazard could not be immediately remediated.

28. As a direct and proximate result of Defendants' breach of their respective duties, Plaintiff was served unsafe, scorching hot water which spilled directly onto Plaintiff's left thigh, buttocks, and left wrist, while she was a passenger customer on Korean Air Flight No. 893 on March 2, 2018.

29. As a direct, natural, and foreseeable consequence of the scorching hot water which spilled onto Plaintiff's left thigh, buttocks, and left wrist, Plaintiff sustained injury of body

and mind, some of which conditions may be permanent or disability, all to her special and general damage in excess of Seventy-Five Thousand Dollars ($75,000).

30. As Defendant Doe Flight Attendants were acting within the course and scope of their employment with Defendant Korean Airlines Co., Ltd., at the time the dangerously hot liquids were provided to the Plaintiff, the negligence of Defendant Doe Flight Attendants for the breach of these duties and the resulting harms is imputed to Defendant Korean Airlines Co., Ltd., pursuant to the principle of vicarious liability or *respondeat superior*.

31. Plaintiff has been forced to retain the services of an attorney to represent her in this action, and is, therefore, entitled to recover reasonable attorneys' fees and costs in litigation.

## THIRD CAUSE OF ACTION

*(Negligent Training, Hiring, Supervision against Korean Airlines Co., Ltd.)*

32. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

33. Defendant had a non-delegable duty of care to ensure the provision of in-flight services to its passenger customers, including the Plaintiff, was performed in a safe manner consistent with the obligations imposed upon a common carrier.

34. Defendant had a duty to hire and employ, educate and train, and supervise and evaluate the performance of employees competent to adequately inspect, supply, handle, prepare, and/or serve food and beverage items in a manner safe for its passenger customers use during the provision of in-flight services.

35. Defendant, through its employees, agents, or contractors, breached this duty of care by failing to employ, train, or supervise in a manner that would lead to its employees, agents or contractors providing food and beverage items in a manner safe for its passenger customers use during the provision of in-flight services.

36. As a direct and proximate result of the conduct of Defendant, Plaintiff sustained injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000).

37. As a further direct and proximate result, Plaintiff incurred expenses for medical

care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney, and, as directed, natural, and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

*(Strict Products Liability – Product Defect against Korean Airlines Co., Ltd.; ROE Food and Beverage Service Business Entity; ROE Water or Liquid Heating Apparatus Manufacturer and/or Distributor Business Entities; and Roe Corporations/Entities 1-10)*

39. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim and asserts a claim of strict liability against Defendant Korean Airlines Co., Ltd., as provided in the Montreal Convention of 1999, which is incorporated herein by reference. In addition thereto, Plaintiff states as follows:

40. Prior to the liquid beverage product being distributed to the Plaintiff by Doe Flight Attendants and/or Doe Food and Beverage Service Handlers, it was heated by some presently unknown heating apparatus to a temperature capable of causing second and third-degree burns to the skin upon contact. The heating apparatus was defective and inherently dangerous, failing to notify foreseeable end users, including flight attendants or in-flight beverage service personnel, of the dangerous temperatures to which the liquid was heated and otherwise failing to warn foreseeable end users of foreseeable harms which may result from heating liquids to such extreme temperatures.

41. The heating apparatus was further defective in its failure to provide adequate instructions to foreseeable end users regarding the use of the apparatus, which may have permitted foreseeable end users to adjust the heating of liquid beverage products to less dangerous temperatures.

42. As a result of the defects existing within the heating apparatus at the time of the injury incident described herein, the product failed to perform in the manner reasonably expected by the foreseeable end user during the provision of in-flight services, including heating liquid

beverage products to temperatures that would cause second and third-degree burns upon contact with skin.

43. These defects existed in the product when the product left the possession of Defendants and continued to exist at the time of the injury incident described herein.

44. The foreseeable end users of the heating apparatus, here the Doe Flight Attendants and/or Doe Food and Beverage Service Handlers operated the heating apparatus in a manner foreseeable to the Defendants and Plaintiff reasonably expected the apparatus and its operation would not produce a liquid so hot as to cause second and third-degree burns to her skin, if the liquid spilled midflight.

45. Because of the defective beverage product, Plaintiff was severely burned on her left thigh, buttocks, and left wrist, when the scalding hot water spilled directly onto such areas, resulting in her damages as alleged herein.

46. As a direct and proximate result of the conduct of Defendants, Plaintiff sustained injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000).

47. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in and amount to be proven at trial.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney, and, as directed, natural, and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorneys' fees and costs.

…
…
…
…
…
…
…
…

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them as follows:

1. General damages in an amount in excess of $75,000.00;
2. Special damages in an amount in excess of $75,000.00;
4. Medical and incidental expenses incurred and to be incurred;
5. Costs of suit, attorney fees, pre-judgment interest and post-judgment interest; and
6. For such other and further relief as is just and proper.

DATED this 27th day of February, 2020.

THE COTTLE FIRM

_/s/ Robert W. Cottle_

Robert W. Cottle, Esq.
Nevada Bar No. 4576
Matthew G. Holland, Esq.
Nevada Bar No. 10370
8635 S. Eastern Avenue
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

THE COTTLE FIRM
8635 S. Eastern Ave., Las Vegas, NV 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555