# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Chunyun Wang,

    Plaintiff

v.

Korean Airlines Co., Ltd., et al.

    Defendants

Case No.: 2:20-cv-00409-JAD-VCF

**Order Granting in Part Defendant's Motion to Dismiss and Granting in Part Plaintiff's Countermotion to Amend**

[ECF Nos. 12, 21]

    International airline company Korean Airlines Co., Ltd., which is headquartered in and operated from Seoul, South Korea, flies to 126 destinations and employs 19,000 individuals to service approximately 460 daily flights.[1] One of those global destinations is Las Vegas, Nevada, where it operates as a registered, foreign close corporation and employs seven people to manage five flights per week, each of which is a round-trip flight to and from Incheon, South Korea.[2] Nevada-resident Chunyun Wang was a passenger on one of these flights when, roughly one hour and thirty minutes into her trip from Las Vegas, a flight attendant spilled hot water in her lap.[3] Wang alleges that she sustained second- and third-degree burns, causing "excruciating pain" and permanent scarring and disfiguration.[4]

    Wang sues Korean Air, as well as unnamed flight attendants and heating-device manufacturers, for violations of the Convention for the Unification of Certain Rules for

---

[1] ECF Nos. 11 at ¶ 2; 13 at ¶¶ 5–11; 13-1. The facts stated in this order are merely summarized from the facts alleged in the complaint and are not findings of fact.

[2] ECF Nos. 13 at ¶¶ 11, 8; 13-2.

[3] ECF No. 11 at ¶¶ 14–16.

[4] *Id.* at ¶¶ 16, 18.

International Carriage by Air,[5] better known as the Montreal Convention; negligence; negligent training, hiring, and supervision; and strict products liability.[6] Korean Air moves to dismiss Wang's suit, arguing that the Montreal Convention precludes Wang's state-law causes of action and that this court lacks personal jurisdiction over it.[7] In her countermotion seeking leave to file a second amended complaint, Wang appears to agree with Korean Air about the Montreal Convention but asks to "preserve" her negligence and products-liability theories of injury against the flight attendants and manufacturers.[8] I hold that Korean Air is subject to specific jurisdiction in this court because it has purposefully availed itself of the benefits of conducting business in the state, Wang's injuries arise from those contacts, and the exercise of jurisdiction is reasonable. I then dismiss Wang's state-law claims against Korean Air and its employees, grant Wang's countermotion in part, and give her until January 22, 2021, to file a revised second amended complaint remedying the deficiencies identified in this order.

**Discussion**

**I.     This court has personal jurisdiction over Korean Air.**

A district court may dismiss an action under Federal Rule 12(b)(2) for lack of personal jurisdiction. When the only basis for subject-matter jurisdiction over a defendant is diversity of citizenship, the court applies the forum state's laws to determine personal jurisdiction, bearing in mind that the exercise of jurisdiction must comport with the requirements of due process under

---

[5] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45.

[6] ECF No. 11.

[7] ECF No. 12; *see also* ECF No. 22 (corrected version).

[8] ECF No. 21 at 4.

the United States Constitution.[9]  Where, as here, the defendant is not a resident of the forum state, the court must determine whether that defendant has "certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[10]  "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[11]  While Korean Air is not subject to this court's general jurisdiction, it is subject to its specific jurisdiction.

### A. This court lacks general jurisdiction over Korean Air.

"For general jurisdiction to exist, a [nonresident] defendant must engage in 'continuous and systematic general business contacts,'" "approximat[ing] physical presence in the forum state," that are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities."[12]  "This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."[13]  "Only in an 'exceptional case' will general jurisdiction be available anywhere" other than a party's state of incorporation, state of residence, or corporate headquarters.[14]  So, courts should consider the

---

[9] *Walden v. Fiore*, 571 U.S. 277, 283 (2014).  Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical.  *See id.*; Nev. Rev. Stat. § 14.065.

[10] *Walden*, 571 U.S. at 283 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks and ellipsis omitted).

[11] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

[12] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (internal quotation marks and citations omitted).

[13] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[14] *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)).

"[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets" to find general jurisdiction appropriate.[15]

Wang has failed to make the exceptional case that this South Korean airline company is subject to this court's general jurisdiction. As the United States Supreme Court noted in *Daimler AG v. Bauman*, "the general jurisdiction inquiry does not 'focu[s] solely on the magnitude of the defendant's in-state contacts.' General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide."[16] Reiterating this point in *BNSF Railway Co. v. Tyrell*, the Court reversed Montana's exercise of general jurisdiction over a nonresident railroad company—despite that company having "over 2,000 miles of railroad track and more than 2,000 employees in Montana"—because its "in-state business" was insufficient to render it "essentially at home" in the state.[17] Korean Air, like the *BNSF* defendant, transports passengers to the forum and, unlike the *BNSF* defendant, has fewer than 10 forum-based employees. And its Nevada-based business is "minor compared to its worldwide contacts,"[18] which depend on roughly 19,000 employees to operate 460 daily flights to 126 global destinations.[19] Just because Korean Air "operates in many places," does not mean it can "be deemed at home in all of them."[20]

---

[15] *Mavrix Photo, Inc.*, 647 F.3d at 1224 (internal quotation marks and citations omitted).

[16] *Daimler AG v. Bauman*, 571 U.S. 117, 140 n.20 (2014) (alterations in original).

[17] *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1560 (2017) (quoting *Daimler AG*, 571 U.S. at 122) (internal quotation marks omitted).

[18] *Martinez*, 764 F.3d at 1069–70 (upholding the district court's denial of general jurisdiction over the defendant, despite the defendant forming contracts worth $450 million with forum-based companies, contracting separately with eleven forum-based suppliers, sending corporate representatives to the forum, and advertising its products for use in the forum).

[19] ECF Nos. 11 at ¶ 2; 13 at ¶¶ 5–11; 13-1.

[20] *Daimler AG*, 571 U.S. at 140 n.20.

Its contacts with Nevada also do not resemble those found sufficient to sustain general jurisdiction in the "exempl[ary]" case of *Perkins v. Benguet Consol. Mining Co.*, in which the Supreme Court upheld Ohio's exercise of jurisdiction over a Philippines-based company that had temporarily relocated its base of operations and president to Ohio because of war.[21] While Korean Air has some permanent employees in the state, it has not transferred its operations hub to Las Vegas, which might render it functionally if not formally at home in Nevada. So I find that the company is not subject to this court's general jurisdiction.

### B. This court can exercise specific jurisdiction over Korean Air.

The absence of general jurisdiction does not end this inquiry. A court may exercise specific jurisdiction over a defendant if its less-substantial contacts with the forum give rise to the claim or claims pending before the court—that is, if the cause of action "arises out of" or has a substantial connection with those contacts.[22] "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'"[23] In the Ninth Circuit, three requirements must be met for a court to exercise specific jurisdiction over a nonresident defendant:

> (1) the non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one [that] arises out of or relates to the defendant's

---

[21] *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447–48 (1952).

[22] *Hanson v. Denckla*, 357 U.S. 235, 250–53 (1958); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (alteration in original).

[23] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

5

forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[24]

The plaintiff bears the burden of satisfying the first two prongs; if she does so, the burden then shifts to the defendant to set forth a "compelling case" that the exercise of jurisdiction is unreasonable.[25] Wang has met her burden; Korean Air has not.

### *1.  Korean Air has purposefully availed itself of the forum.*

For claims involving negligent acts committed out of state, courts typically assess whether the defendant has purposefully availed itself of the forum.[26] Korean Air—mistakenly supplying the Ninth Circuit's purposeful-direction test instead of the purposeful-availment test[27]—argues that it has not availed itself of the benefits of the forum because its contacts with Nevada are de minimis and Wang fails to allege that it caused harm it knew would likely be suffered in the forum state. But these arguments largely miss their target. Under the purposeful-

---

[24] *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018).

[25] *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (internal quotation marks omitted).

[26] *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). While the purposeful-availment test generally applies to "suits sounding in contract" and the purposeful-direction test applies to "suits sounding in tort," *Schwarzenegger*, 374 F.3d at 802, "it is well established that the [purposeful-direction test and *Calder* effects test] applies only to intentional torts, not to [] breach of contract and negligence claims," *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007); *see also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("Under our precedents, the purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional[-]tort cases under the 'effects' test derived from *Calder v. Jones*."); *but see Willis v. Princess Cruise Lines*, No. 2:19-cv-06278, 2020 WL 5353984, at *4–5 (C.D. Cal. May 29, 2020) (noting "conflicting opinions" in the Ninth Circuit and applying the purposeful-direction test to free-standing, wrongful-death and intentional-infliction-of-emotional-distress claims).

[27] *See* ECF No. 22 at 11 (citing *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1292 (D. Nev. 2016)). Contrary to Korean Air's assertion, the *Southport Lane Equity* decision recites the "'purposeful direction' option," which invokes the "'*Calder*-effects' test" and not the purposeful-availment requirements. *See Southport Lane Equity II, LLC*, 177 F. Supp. 3d at 1292.

availment test, a plaintiff must only show that "the defendant has taken deliberate action within the forum state."[28] Wang has done so, alleging that Korean Air contracted with Las Vegas's McCarran International Airport to convey passengers to and from Nevada five times a week and registered as a foreign close corporation with Nevada's Secretary of State so as to operate in the state's borders.[29] Korean Air acknowledges these contacts.[30] This is certainly the type of "affirmative conduct [that] allows or promotes the transaction of business within the forum state"[31] sufficient to satisfy the first prong of the specific-jurisdiction analysis.

### *2.   Wang has sufficiently shown that her injury arises from or is related to Korean Air's forum-based contacts.*

As the Supreme Court clarified in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, to satisfy the second prong of the specific-jurisdiction analysis, "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[32] In the Ninth Circuit, courts rely "on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction."[33] Accordingly, Wang must demonstrate that

---

[28] *Freestream Aircraft (Bermuda) Ltd.*, 905 F.3d at 604.

[29] ECF No. 11 at ¶ 2.

[30] *See* ECF No. 13 at ¶¶ 8, 11 (Hyunah Kim's declaration).

[31] *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).

[32] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017).

[33] *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

her negligence claim "arises out of [Korean Air's] local conduct,"[34] i.e., that but for Korean Air's specific business contacts with Nevada, she would not have received third-degree burns.

While presenting a much closer call, Wang has sufficiently alleged that her injuries arise from Korean Air's forum-based contacts. A plaintiff's burden in demonstrating that her injury "arises from" a nonresident defendant's forum contacts is not onerous; she need merely show that "a direct nexus exists between those contacts and the cause of action."[35] Here, Nevada-resident Wang asserts that she purchased a ticket to fly Korean Air, flew out of Las Vegas on a plane operated and managed by Korean Air, and was burned by the negligence of a Korean Air flight attendant while receiving drinks on her flight. She also alleges that she would not have been on the flight, and subsequently injured, but for Korean Air's continued operations of flights from Las Vegas and ongoing contract with McCarran International Airport. And while Wang's injury occurred in the airspace outside the forum, and Wang fails to identify analogous precedent supporting the exercise of personal jurisdiction over a defendant like Korean Air, numerous district courts have found similar forum contacts sufficient to support the exercise of personal jurisdiction.[36] In *Selke v. Germanwings GmbH*, for example, a district court exercised specific jurisdiction over a foreign airline whose plane crashed after taking off from Virginia, noting that

---

[34] *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001).

[35] *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996); *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) ("The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen."); *see Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003) ("It is true that the Ninth Circuit's 'but for' test of relatedness is broader than those adopted by certain other circuits. Nonetheless, 'but for contacts' still must have some degree of proximate causation to be considered for purposes of jurisdiction.").

[36] *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 645, 657 (E.D. Va. 2017); *Crosby v. Opperman*, No. CIV 06-2012-PHX-MHM, 2007 WL 2023470, at *4 (D. Ariz. Jul. 11, 2007); *Nowak v. Tak How Inv. Ltd.*, 899 F. Supp. 25, 31 (D. Mass. 1995).

"Germanwings' connections with Virginia were the catalyst for [p]laintiffs'" wrongful-death causes of action, largely because plaintiffs purchased tickets in and departed from Virginia.[37] The *Selke* court further reasoned that "the crash of that flight" was not "so far removed from the sale of the tickets necessary for carriage as to sever the causal nexus" between the two events.[38] So too here. Wang's purchase of a Korean Air ticket, departure from Las Vegas on a Korean Air plane, and subsequent injury all arise from Korean Air's business operations within the state.

Though discussed in a different part of its motion, Korean Air cites *Bomberger v. American Airlines, Inc.* and *Cordice v. LIAT Airlines* to chip away at this nexus, arguing that the purchase of a ticket on defendant's airline in the forum cannot subject the defendant to personal jurisdiction in the forum for injuries occurring outside the forum. Both cases are factually distinguishable. Not only does *Bomberger* invoke the purposeful-direction test and rest on a more stringent arising-under test than the Ninth Circuit's, but, unlike here, the *Bomberger* plaintiff failed to establish a significant commercial relationship between the defendant and the forum, and the injury took place during a layover in a different state and involved negligent acts that had nothing to do with the flight itself.[39] Likewise, the *Cordice* court declined to exercise specific jurisdiction in New York over a nonresident defendant who allegedly injured the plaintiff on a flight from Trinidad and Tobago to St. Vincent, where the only connection to New York was the plaintiff.[40] Korean Air's contacts with Nevada greatly exceed those in *Cordice.*

---

[37] *Selke*, 261 F. Supp. 3d at 657.

[38] *Id.*

[39] *Bomberger v. Am. Airlines, Inc.*, No. 17-5298, 2018 WL 3416386, at *2–*3 (E.D. Penn. Jul. 12, 2018).

[40] *Cordice v. LIAT Airlines*, No. 14-cv-2924, 2015 WL 5579868, at *1, *4 (E.D.N.Y. Sept. 22, 2015).

Korean Air's reliance on the Supreme Court's decisions in *Walden v. Fiore* and *Bristol-Myers*, as well as a recent state-court decision, *Cheng v. Korean Airlines Co.*,[41] is also unavailing. The *Walden* Court held that specific jurisdiction over a nonresident, intentional tortfeasor was improper where the defendant acted outside the forum and had no contacts with the forum other than his knowledge that his actions might affect Nevada residents.[42] Likewise, the *Bristol-Myers* court determined that a California court could not exercise specific jurisdiction over nonresident-plaintiff's claims against a nonresident defendant when those claims were tethered to conduct that took place outside the forum state.[43] Neither of these cases is particularly apt here, given that Wang is a Las Vegas resident who was injured in the course of Korean Air's flight from Las Vegas, where it maintains a permanent set of employees and is registered to conduct business. And the *Cheng* decision, which is not binding on this court, is equally inapposite because the court declined to find that the plaintiff's injuries arose from Korean Air's contacts with the forum largely because "plaintiff [did] not state that she flew Korean Air to Korea from Las Vegas."[44] So I find that Wang's injuries arise from and are related to Korean Air's contacts with the state, satisfying the second prong of the specific-jurisdiction analysis.

---

[41] ECF Nos. 22 at 13; 23 at 4.

[42] *Walden*, 571 U.S. at 290 ("Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

[43] *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 ("As noted, the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California.").

[44] ECF No. 14-3 at 5.

### *3.     The exercise of specific jurisdiction is reasonable.*

Once a plaintiff has established a defendant's minimum contacts with a forum, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[45] The Ninth Circuit directs courts to consider seven factors in making this determination: (1) the "extent of the defendant['s] purposeful injection in the forum state's affairs;" (2) the "burden" of defending in the forum; (3) the "extent," if any, of "conflict with the sovereignty of the defendant's state;" (4) the forum's "interest in adjudicating the dispute;" (5) the most efficient redress of the controversy; (6) "the importance of the forum to the plaintiff's interest in convenient and effective relief," and (7) the "existence of an alternative forum."[46] In essence, a defendant must show that the exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice."[47]

By mainly foregoing this analysis, Korean Air never builds up enough steam to meet its burden. In both its motion and its reply brief, Korean Air avoids addressing the *Dole Food Co.* factors, instead reiterating its claim that there is "no nexus between Korean Air's limited contacts in Nevada and [Wang's] cause of action."[48] These arguments are largely irrelevant to whether the exercise of jurisdiction is unreasonable, as I've already determined that Wang has established the airline's minimum contacts with the forum. And Wang's arguments about why the exercise of jurisdiction is reasonable—namely, that Korean Air has established a commercial base of operations in Nevada; Korean Air can easily litigate in a forum to which it flies daily; her

---

[45] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

[46] *Dole Food Co., Inc.*, 303 F.3d at 1114.

[47] *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation marks and citations omitted).

[48] ECF Nos. 22 at 14; 23 at 4 ("Korean Air has not purposefully availed itself of the forum and "Korean Air has very few suit-related contacts with Nevada, all of the tortious conduct and resulting damage occurred outside Nevada . . . .").

11

witnesses may not be affiliated with the airline and, instead, may reside outside South Korea; and that this court can most efficiently grant relief for her claims—go unaddressed.  The sole reasonableness argument that Korean Air makes (namely, that witnesses and documents related to the accident are in South Korea) is insufficient to tip the balance in its favor.  So I find that Korean Air is subject to this court's exercise of specific personal jurisdiction.

**II.     The Montreal Convention and the countermotion to amend [ECF No. 21]**

Because Korean Air argues[49] and Wang concedes[50] that the Montreal Convention precludes Wang's state-law claims, I grant its motion in part and dismiss Wang's claims for negligence; negligent training, hiring, and supervision; and strict products liability.  Despite agreeing with Korean Air about the Montreal Convention's preclusive effects, Wang asks to preserve two of these state-law claims in her unopposed countermotion, seeking damages for negligence against the employees who spilled the water and strict products liability against the manufactures of the heating device.

But Wang's proposed amended complaint does not remedy the problems identified by Korean Air's motion.  The Montreal Convention covers "all international carriage of persons, baggage, or cargo performed by aircraft for reward."[51]  Article 29 of the Montreal Convention states that "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of

---

[49] ECF No. 22.

[50] *Id.* at 14; ECF No. 20 ("[T]he Plaintiff concedes that the plain language of the Montreal Convention and its subsequent interpretation[ by] numerous courts as cited in Korean Air's renewed motion to dismiss establishes the Montreal Convention as the exclusive remedy for Ms. Wang against Korean Air and its employees for this accident and her resulting damages.").

[51] Montreal Convention, art. 1(1).

liability as are set out in this Convention."[52]  Article 30(1) extends this preclusion to actions "brought against a servant or agent of the carrier arising out of the damage to which the Convention relates."[53]  And the Supreme Court, the Ninth Circuit, and other circuit courts have repeatedly held that the Montreal Convention "preempts state-law claims that fall within [its] substantive scope,"[54] including negligence and products-liability claims.[55]  Accordingly, to the extent that Wang's proposed second and third causes of action seek redress against "servants or agents" of Korean Air, those claims are precluded by law.  So I grant Wang's countermotion in part and direct her to file an amended complaint that either abandons these state-law claims or alleges them against a party not subject to the Montreal Convention's limitations.

## Conclusion

IT IS THEREFORE ORDERED that Korean Air's motion to dismiss **[ECF No. 12] is GRANTED IN PART**.  This court has personal jurisdiction over Korean Air, but Wang's state-law claims for negligence; negligent training, supervision, and hiring; and products liability against Korean Air, its employees, and agents are dismissed with prejudice.

---

[52] *Id.*, art. 29.

[53] *Id.*, art. 30(1).

[54] *Thede v. United Airlines, Inc.*, 796 Fed. Appx. 386, 388 (9th Cir. 2020); *El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 172 (1999) ("Given the Convention's comprehensive scheme of liability rules and its textual emphasis on uniformity, we would be hard put to conclude that the delegates at Warsaw meant to subject air carriers to the distinct, nonuniform liability rules of the individual signatory nations.") (interpreting the treaty preceded and replaced by the Montreal Convention).

[55] *See, e.g.*, *Reed v. Wiser*, 555 F.2d 1079, 1089–93 (2d Cir. 1977) (extending the Montreal Convention's protections to "passenger claims against employees," which "reflects the plain meaning and purpose of the French text of these articles" and "accomplishes all of the Convention's objectives.").

IT IS FURTHER ORDERED that Wang's countermotion for leave to file a second amended complaint **[ECF No. 21] is GRANTED IN PART**. Wang is directed to file a second amended complaint, consistent with this order, by January 22, 2020.

_____
U.S. District Judge Jennifer A. Dorsey
January 8, 2021