THE COTTLE FIRM
Robert W. Cottle, Esq.
Nevada Bar No. 4576
rcottle@cottlefirm.com
Matthew G. Holland, Esq.
Nevada Bar No. 10370
mholland@cottlefirm.com
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(T) 702.722.6111 | (F) 702.834.8555
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \* \*

| | |
|---|---|
| CHUNYUN WANG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KOREAN AIRLINES CO., LTD., operating as KOREAN AIR; ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES; DOE INDIVIDUALS 1-10; AND ROE CORPORATIONS/ENTITIES 1-10; inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-00409-JAD-VCF<br><br><br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW, Plaintiff, CHUNYUN WANG, by and through her attorneys of record, ROBERT W. COTTLE, ESQ., and MATTHEW G. HOLLAND, ESQ., of THE COTTLE FIRM, and files her Second Amended Complaint, pursuant to and this Honorable Court's Order Granting in Part Defendant's Motion to Dismiss and Granting in Part Plaintiff's Countermotion to Amend (ECF No. 26) and FRCP 15(a)(1)(B) against Defendants as follows:

**PARTIES**

1. That at all times relevant hereto, Plaintiff CHUNYUN WANG ("Plaintiff" or "CHUNYUN WANG"), was, and continues to be, an individual residing in Clark County,

Nevada.

2. Upon information and belief, KOREAN AIRLINES CO., LTD., operating as KOREAN AIR ("Defendant" or "KOREAN AIR", at all times relevant herein, is and was a corporation for profit, founded and organized in Seoul Korea on or about March 1, 1969. Defendant, at all times material to Plaintiff's claim, was a "common carrier" in the business of carrying passengers for a fee, to and from various airports worldwide including airports in the United States, including McCarran International Airport located in Las Vegas, Nevada. Following negotiations and pursuant to written agreements with officials acting on behalf of McCarran International Airport in Las Vegas, Nevada, KOREAN AIRLINES CO., LTD. has a designated, ongoing public presence in Terminal 3 of McCarran International Airport. Upon information and belief, KOREAN AIRLINES CO., LTD. conveys passengers, including tourists and residents of Korea and Las Vegas, on round-trip flights in and out of Las Vegas, Nevada five times per week, or 260 times per year. Put another way, on 71.23% of all days comprising a given calendar year, KOREAN AIRLINES CO., LTD. conveys passengers, including tourists and residents of Las Vegas, Nevada, such as the Plaintiff, back and forth between Korea and Las Vegas, Nevada. Additionally, upon information and belief, KOREAN AIRLINES CO., LTD, employs individuals who reside in Las Vegas, Nevada and support the Defendant's flight operations in Las Vegas, Nevada. Upon information and belief, KOREAN AIRLINES CO., LTD. selected Las Vegas, Nevada as one of only 11 airports located within the United States to which it would provide round trip service to passengers, including tourists and residents of Las Vegas, Nevada, such as the Plaintiff. KOREAN AIRLINES CO., LTD. registered its ongoing business presence in the State of Nevada with the Secretary of State for the State of Nevada.

3. Upon information and belief, ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES, was and is manufacturer and/or distributor business entity which manufactured or distributed into the stream of commerce the water/liquid heating apparatus that was used to heat the water or liquid served to the Plaintiff on Korean Airlines Flight No. 893 at the time of Plaintiff's incident. This paragraph is intended to identify multiple Defendant entities. These Defendants supplied,

delivered, conveyed, sold, installed or otherwise transmitted the water or liquid heating apparatus utilized to heat the liquid which caused the injury to the Plaintiff aboard Korean Airlines Flight No. 893 Defendant KOREAN AIR pursuant to agreements executed by or on behalf of Defendant KOREAN AIR for use on aircraft owned or operated by Defendant KOREAN AIR to and from any point of travel conducted by KOREAN AIR, including Las Vegas, Nevada.

4.     DOE INDIVIDUALS 1 through 10 are individuals whose conduct gives rise to this Complaint. Specifically, those Defendants are individuals who failed to inspect, supervise, control, repair, and maintain the premises, materials, apparatus, or instrumentality which resulted in Plaintiff's injuries. These individuals were not employees, agents, or servants of Defendant KOREAN AIR, but otherwise undertook the above-described duties and/or activities prior to the Plaintiff's departure from Las Vegas, Nevada on Defendant KOREAN AIR's aircraft on March 2, 2018.

5.     ROE CORPORATIONS/ENTITIES 1 through 10 are corporations or business entities whose conduct gives rise to this Complaint. Specifically, those ROE CORPORATIONS/ENTITIES Defendants are corporations and/or business entities who failed to inspect, supervise, control, repair and maintain the premises, materials, apparatus, or instrumentality which resulted in Plaintiff's injuries. These corporations/entities were not employees, agents, or servants of Defendant KOREAN AIR, but otherwise undertook the above-described duties and/or activities prior to the Plaintiff's departure from Las Vegas, Nevada on Defendant KOREAN AIR's aircraft on March 2, 2018.

6.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants ROE WATER OR LIQUID HEATING APPARATUS MANUFACTURER AND/OR DISTRIBUTOR BUSINESS ENTITIES, DOE INDIVIDUALS 1 through 10 and/or ROE CORPORATIONS/ENTITIES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages to Plaintiff. Plaintiff will ask leave of this Court to

amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action. DOE and ROE Defendants are hereby incorporated into any and all subsequent language and allegations encompassed in the body of this Complaint.

**JURISDICTION AND VENUE**

7.   Jurisdiction in this Court is based upon diversity of citizenship. This Honorable Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331(a), in that the actions of Defendants arise under the laws, regulations, and treaties of the United States, including, but not limited to, the Montreal Convention of 1999. Additionally, the amount in controversy exceeds $75,000.00, as provided by 28 U.S.C. § 1337.

8.   Plaintiff permanently resides within Clark County, Nevada, within this jurisdiction and sustained personal injury during an international flight operated by Korean Air as described herein.

9.   Defendant KOREAN AIRLINES CO., LTD. operates services for the carriage of passengers through McCarran International Airport located in Clark County, Nevada, within this jurisdiction.  As noted above, personal jurisdiction over KOREAN AIRLINES CO., LTD. is appropriate due to their consistent, persisting contacts with the jurisdiction.  To wit and upon information and belief, following negotiations and pursuant to written agreements by and between officials of KOREAN AIRLINES CO., LTD. and those acting on behalf of McCarran International Airport in Las Vegas, Nevada, to permit KOREAN AIRLINES CO., LTD. to systematically operate consistent, regularly scheduled international flights KOREAN AIRLINES CO., LTD. from Korea to Las Vegas, Nevada, for the purpose of conveying passengers, including tourists and Las Vegas residents, such as the Plaintiff, KOREAN AIRLINES CO., LTD. has a designated, ongoing public presence in Terminal 3 of McCarran International Airport, staffed by employees or agents of KOREAN AIRLINES CO., LTD. who provide full-time support for those Las Vegas-based flight operations.  Pursuant to their agreement to serve members of the Las Vegas, Nevada community, with the aforementioned continuous and

systematic schedule of flights to Korea, and upon information and belief, KOREAN AIRLINES CO., LTD. conveys passengers, including tourists and residents of Korea and Las Vegas, on round-trip flights in and out of Las Vegas, Nevada five times per week, or 260 times per year. Put another way, on 71.23% of all days comprising a given calendar year, KOREAN AIRLINES CO., LTD. conveys passengers, including tourists and residents of Las Vegas, Nevada, such as the Plaintiff, back and forth between Korea and Las Vegas, Nevada. Additionally, upon information and belief, KOREAN AIRLINES CO., LTD, employs individuals who reside in Las Vegas, Nevada and support the Defendant's flight operations in Las Vegas, Nevada. Upon information and belief, KOREAN AIRLINES CO., LTD. selected Las Vegas, Nevada as one of only 11 locations within the United States to which it would provide round trip service to passengers, including tourists and residents of Las Vegas, Nevada, such as the Plaintiff. KOREAN AIRLINES CO., LTD. registered its ongoing business presence in the State of Nevada with the Secretary of State for the State of Nevada.

10. The Plaintiff's principal and permanent residence is Las Vegas, Nevada; therefore, suit against KOREAN AIRLINES CO., LTD. for injuries sustained aboard her flight is properly filed in the United States District Court for the District of Nevada pursuant to Article 33 of the 1999 Montreal Convention.

11. This Honorable Court has determined it holds personal jurisdiction over Defendant Korean Airlines Co., Ltd. in this action (ECF No. 26).

**GENERAL ALLEGATIONS**

12. On or about March 2, 2018, Plaintiff was a passenger on international Korean Air Flight No. 893 from Las Vegas, Nevada to Seoul, Korea, with a final destination of Shanghai, China. The United States of America and the Republic of Korea are signatories to the Montreal Convention of 1999 (MC99).

13. Approximately one hour and 30 minutes into the flight, Plaintiff requested a Korean Air flight attendant for water.

14. The Korean Air flight attendant, while acting within the ordinary course and scope of her employment, delivered to the Plaintiff water heated to an unsafe temperature.

15. The scalding hot water spilled onto Plaintiff's left thigh, buttocks, and left wrist, causing Plaintiff to sustain second- and third-degree burns, resulting in severe pain and suffering, the need for significant medical treatment, and permanent scarring/disfiguration of the affected areas.

16. The Plaintiff completed the remaining ten (10) hours of flight time in excruciating pain without medical assistance before receiving medical care at The First Affiliated Hospital of Soochow Hospital-Jiangsu Province Medical Treatment and Hospitalization-Emergency Treatment at the Department of Burn and Plastic Surgery.

## FIRST CAUSE OF ACTION

*Liability Pursuant to The Montreal Convention of 1999*
*(Defendant Korean Airlines Co. Ltd.)*

17. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

18. Plaintiff was involved in an injury accident on Korean Airlines Flight No. 893 in which Plaintiff was served water which had been heated to an unreasonable and unsafe temperature, which water spilled and burned the Plaintiff, causing her to sustain second- and third-degree burns.

19. The incident, caused by an unexpected or unusual in-flight event that was external to the Plaintiff, resulted in immediate and significant injuries to the Plaintiff.

20. Further, such injury occurred while Plaintiff was in flight on Korean Airlines Flight No. 893 with service from Las Vegas, Nevada to Seoul, Korea, with a final destination ton Shanghai, China, under the Montreal Convention of 1999.

21. Pursuant to Article 17 of The Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (the "Montreal Convention"), Defendants are liable for the bodily injuries, emotional injuries, and other damages sustained by Plaintiff. Plaintiff's injuries and damages were the result of an unexpected and unusual event external to Plaintiff.

…

22. In accordance with Article 21 of the Montreal Convention, Defendants are strictly liable for damages sustained by Plaintiff, which were caused by an accident which took place while Plaintiff was on board the Korean Airlines Flight No. 893 from Las Vegas, Nevada to Seoul, Korea. Further, Defendants may not reduce or limit its liability for Plaintiff's damages for any claim equal to or less than 113,000 Special Drawing Rights (SDR's). (The value of Special Drawing Rights is based upon a basket of four currencies. Currently, 113,000 Special Drawing Rights are valued at approximately $170,550.00 USD.) Further, Defendants have no limitation on its liability in excess of 113,000 Special Drawing Rights, unless Defendants can prove that the damages were not due to the negligence or other wrongful act or omission by the carrier, or such damages were due solely to the negligence or other wrongful act or omission of a third party.

23. Defendant Korean Airlines Co., Ltd., had a non-delegable duty to ensure the provision of in-flight services to its passenger customers, including the delivery of water to the Plaintiff at a safe temperature, was performed safely in the context of a physical environment where spills were foreseeable.

24. Defendant Korean Airlines Co., Ltd., had a duty to hire and employ, educate and train, and supervise and evaluate the performance of employees competent to adequately inspect, supply, handle, prepare, and/or serve food and beverage items during pre-flight and in-flight stages of travel in a manner safe for its passenger customers use during the provision of in-flight services.

25. Defendant Korean Airlines Co., Ltd., through its employees, agents, or contractors, breached this duty of care by failing to employ, train, or supervise in a manner that would lead to its employees, agents or contractors providing food and beverage items in a manner safe for its passenger customers use during the provision of in-flight services.

26. Because of Defendant Korean Airlines Co., Ltd.'s failures in these and other respects, it will be unable to demonstrate that the Plaintiff's damages were not due to its own negligence or wrongful act, nor that such damages were due solely to the negligence or other wrongful act or omission of a third party.

27. As a result, Plaintiff alleges that Defendant Korean Airlines Co., Ltd.'s liability is not limited to the prevailing rate of Special Drawing Rights identified in Article 21 of the Montreal Convention.

28. As a direct and proximate result of the conduct of Defendant, Plaintiff sustained injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000).

29. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney, and, as a directed, natural, and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

*Strict Products Liability – Product Defect*
*(ROE Water or Liquid Heating Apparatus Manufacturer*
*and/or Distributor Business Entities; and ROE Corporations/Entities 1-10)*

31. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

32. Defendant ROE Water or Liquid Heating Apparatus Manufacturer and/or Distributor Business Entities and Defendant ROE Corporations/Entities 1-10 are not employees, agents, or servants of Defendant Korean Airlines Co., Ltd.

33. Plaintiff's cause of action against these Defendants arises from the independent conduct of these Defendants which predates the Plaintiff's flight with Korean Airlines Co. Ltd. as described herein, including the time of the design, manufacture, testing, and distribution of the subject water or liquid heating product into the stream of commerce.

34. As this cause of action asserts a claim directly against these Defendants for acts which predate the Plaintiff's flight with Korean Airlines Co., Ltd., separate and apart from the liability imposed upon the airline carrier, this cause of action is not governed by the provisions of the Montreal Convention.

35. At all times relevant hereto, these Defendants knew or had reason to know that the water or liquid heating apparatus it manufactured and/or distributed to Korean Airlines Co., Ltd. would be used on commercial airplanes operated by Korean Airlines Co., Ltd. for the benefit of passengers located within those jurisdictions where Korean Airlines Co., Ltd. provided such services, including Clark County, Nevada.

36. Prior to the water being delivered to the Plaintiff by Defendant Korean Airlines Co. Ltd., it had been heated by a presently unknown heating apparatus manufactured and distributed by these Defendants to a temperature capable of causing second- and third-degree burns to the skin upon contact.

37. The heating apparatus was defective and/or inherently dangerous, failing to notify foreseeable end users, including flight attendants or in-flight beverage service personnel, of the dangerous temperatures to which the liquid was heated and otherwise failing to warn foreseeable end users of foreseeable harms which may result from heating liquids to such extreme temperatures.

38. The heating apparatus was further defective in its failure to provide adequate instructions and warnings to foreseeable end users regarding the use of the apparatus, which may have permitted foreseeable end users to adjust the heating of liquid beverage products to safer temperatures.

39. As a result of the defects existing within the heating apparatus at the time of the injury incident described herein, the product failed to perform in the manner reasonably expected by the foreseeable end user during the provision of in-flight services, including heating liquid beverage products to temperatures that would cause second and third-degree burns upon contact with skin.

40. Upon information and belief, these defects existed in the product when the product left the possession of Defendant ROE Water and or Liquid Heating Apparatus Manufacturer and/or Distributor Business Entities and continued to exist at the time of the injury incident described herein.

…

41. The foreseeable end users of the heating apparatus operated the heating apparatus in a manner foreseeable to Defendant ROE Water and or Liquid Heating Apparatus Manufacturer and/or Distributor Business Entities and Plaintiff reasonably expected the apparatus and its operation would not produce a liquid so hot as to cause second and third-degree burns to her skin if the liquid spilled midflight.

42. Because of the defective product, Plaintiff was severely burned on her left thigh, buttocks, and left wrist, when the scalding hot water spilled directly onto such areas, resulting in her damages as alleged herein.

43. As a direct and proximate result of the conduct of Defendants, Plaintiff sustained injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000).

44. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in and amount to be proven at trial.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney, and, as a directed, natural, and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

*Negligence*
*(ROE Water or Liquid Heating Apparatus Manufacturer*
*and/or Distributor Business Entities; DOE Individuals 1-10;*
*and ROE Corporations/Entities 1-10)*

46. Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

47. Defendant ROE Water or Liquid Heating Apparatus Manufacturer and/or Distributor Business Entities, DOE Individuals 1-10, and Defendant ROE Corporations/Entities 1-10 are not employees, agents, or servants of Defendant Korean Airlines Co., Ltd.

48. Plaintiff's cause of action against these Defendants arises from the independent conduct of these Defendants which predates the Plaintiff's flight with Korean Airlines Co. Ltd. as described herein; and specifically at the time of the breach of its duties of reasonable care to

the Plaintiff during the design, manufacture, testing, and distribution of the subject water or liquid heating product.

49. As this cause of action asserts a claim directly against these Defendants for acts which predate the Plaintiff's flight with Korean Airlines Co., Ltd., separate and apart from the liability imposed upon the airline carrier, this cause of action is not governed by the provisions of the Montreal Convention.

50. At all times relevant hereto, these Defendants knew or had reason to know that the water or liquid heating apparatus it manufactured and/or distributed to Korean Airlines Co., Ltd. would be used on commercial airplanes operated by Korean Airlines Co., Ltd. for the benefit of passengers located within those jurisdictions where Korean Airlines Co., Ltd. provided such services, including Clark County, Nevada.

51. These Defendants had a duty to foreseeable end users, including the Plaintiff, of its liquid heating apparatus (i.e., that apparatus used to heat the liquid to such a degree that Plaintiff suffered the injuries described herein) to exercise reasonable care in the manufacture, design, inspection, testing, and production of instructions and warnings relating to the foreseeable use and operation of its product.

52. These Defendants breached their duty to Plaintiff by failing to design and manufacture the product in a manner that would alert its end user when liquids were overheated to a temperature unsafe for its foreseeable use, by failing to undertake reasonable efforts to inspect or test its product to ensure that liquids would not be overheated to temperatures unsafe for foreseeable use, and by failing to publish and provide foreseeable end users with adequate instructions or warnings relating to the dangers associated with serving liquids at temperatures unsafe for foreseeable use.

53. These Defendants likewise breached their duty to Plaintiff by failing to design and manufacture the product in a manner adequate to safely limit the temperature to which liquid would be heated as appropriate to their foreseeable use, including the in-flight delivery of the heated liquids to airline passengers. The Defendants further breached their duty to Plaintiff by failing to inspect and test its product to ensure the product would not overheat liquids to a

temperature which would be unsafe for the foreseeable hazards of spills associated with in-flight delivery to passengers. Moreover, the Defendants breached their duty by failing to publish and provide foreseeable end users with adequate instructions or warnings relating to the temperatures to which liquids may be heated in the product.

54. As a direct and proximate result of the breach of the Defendants' duties, the water which spilled onto the Plaintiff during her flight from Las Vegas, Nevada caused second- and third-degree burns on her person, resulting in extraordinary pain and suffering, the need for costly medical treatment, and her damages as described herein.

55. As a direct and proximate result of the conduct of Defendants, Plaintiff sustained injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000).

56. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in and amount to be proven at trial.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney, and, as a directed, natural, and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them as follows:

1. General damages in an amount in excess of $75,000.00;
2. Special damages in an amount in excess of $75,000.00;
4. Medical and incidental expenses incurred and to be incurred;
5. Costs of suit, attorney fees, pre-judgment interest and post-judgment interest; and

…

…

…

…

…

6. For such other and further relief as is just and proper.

DATED this 12th day of January, 2021.

                                                    **THE COTTLE FIRM**

                                                    /s/ Robert W. Cottle
                                                    _____
                                                    Robert W. Cottle, Esq.
                                                    Nevada Bar No. 4576
                                                    Matthew G. Holland, Esq.
                                                    Nevada Bar No. 10370
                                                    8635 S. Eastern Avenue
                                                    Las Vegas, Nevada 89123
                                                    *Attorneys for Plaintiff*

**THE COTTLE FIRM**
8635 S. Eastern Ave., Las Vegas, NV 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555